IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM A. BROWN,

    Petitioner,

vs.                                            No. CIV 96-0516 LH/JHG

JOHN SHANKS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1.    This habeas corpus action, brought pursuant to **28 U.S.C. § 2254**, is before the Court on the merits. Petitioner (Brown) attacks the Judgment and Sentence imposed in the case styled *State of New Mexico v. William Andrew Brown*, III No. CR-94-86, Twelfth Judicial District, County of Lincoln, State of New Mexico.

2.    On January 5, 1995, Brown pleaded guilty to one count of escape from the penitentiary and being an habitual offender with two prior felony convictions. Answer, Exhibit A. On January 12, 1995, Brown was sentenced to six years incarceration as to the offense of escape, all

suspended except for time served, and four years under the Habitual Offender Act to run concurrent to the basic sentence for a total term of four years incarceration to run consecutive to any incarceration he was already serving, to be followed by two years parole. Answer, Exhibit A. Brown did not file a direct appeal. Brown filed a state petition for a writ of habeas corpus on November 30, 1995. Answer, Exhibit B. The state district court dismissed the petition on January 6, 1996. Answer, Exhibit E. Brown filed a petition for a writ of certiorari with the New Mexico Supreme Court. Answer, Exhibit F. The New Mexico Supreme Court denied certiorari February 12, 1996. Answer, Exhibit G. This action followed.

3. Brown presents the following issues:

**I.     Whether the Double Jeopardy Clause was violated when petitioner was convicted and sentenced for escape, following the state's forfeiture of one year of his accumulated good time based on the same offense.**

**II.    Whether petitioner's due process rights were violated because petitioner was convicted under an escape statute that did not apply to his circumstances.**

**III.   Whether petitioner's due process rights were violated because his sentence was unauthorized by state law, when the court added a four year habitual sentence to his wholly suspended sentence and two years parole to the habitual sentence.**

**IV.    Whether petitioner's guilty plea was rendered invalid due to ineffective assistance of counsel when defense counsel failed to: raise the double jeopardy bar to prosecution; pursue a defense to the escape charge; move to suppress petitioner's post-arrest statement; present the contention that petitioner was charged under the wrong statute; or challenge the habitual offender and parole sentences.**

4. In the answer, Respondent conceded exhaustion with respect to the issues as raised in the petition.

I. **Whether the Double Jeopardy Clause was violated when petitioner was convicted and sentenced for escape, following the state's forfeiture of one year of his accumulated good time based on the same offense.**

5. Brown argues he was punished twice for the same offense in violation of Double Jeopardy because he was convicted and sentenced for escape in a criminal judicial proceeding, following the administrative forfeiture by prison officials of one year of his good time credits based on the same offense. Criminal judicial proceedings following administrative punishments imposed by prison officials do not violate the double jeopardy clause. *United States v. Rising*, **867 F.2d 1255, 1259 (10th Cir. 1989).** Brown's arguments to the contrary are without merit.

II. **Whether petitioner's due process rights were violated because petitioner was convicted under an escape statute that did not apply to his circumstances.**

6. The primary question with respect to this issue is whether Brown has established an error of constitutional magnitude. In the absence of a constitutional violation, the claim is governed by state law and not cognizable in federal habeas corpus. *Pulley v. Harris*, **465 U.S. 37, 41 (1984);** *Brinlee v. Crisp*, **608 F.2d 839, 843 (10th Cir.),** *cert. denied*, **444 U.S. 1047 (1980).** On federal habeas review, in contrast to direct appeal, the standard is the narrow one of due process, rather than the broad exercise of supervisory power. *Case v. Mondragon*, **887 F.2d 1388, 1396 (10th Cir. 1989)** *cert. denied* **494 U.S. 1039 (1990).**

7. Brown contends he was charged under the wrong statute because he was an inmate at Camp Sierra Blanca, a minimum security facility. Brown pleaded guilty to violating **N.M.Stat.Ann. §30-22-9** which provides:

> Escape from penitentiary consists of any person who shall have been lawfully committed to the state penitentiary:
> A.   escaping or attempting to escape from, such penitentiary; or
> B.   escaping or attempting to escape from any other lawful place of

>        custody or confinement and although not actually within the confines of the penitentiary.
>    Whoever commits escape from penitentiary is guilty of a second degree felony.

**N.M.Stat.Ann. § 30-22-9**.

8. The Court notes the New Mexico courts have held this section applicable to an honor farm and a county jail. *State v. Budau*, **86 N.M. 21, 518 P.2d 1225 (Ct. App. 1973)**, *cert. denied*, **86 N.M. 5, 518 P.2d 1209 (1974) (honor farm)**; *State v. Martin*, **94 N.M. 251, 609 P.2d 333 (Ct. App.)**, *cert. denied*, **94 N.M. 628, 614 P.2d 545 (1980) (county jail).** Brown's claims are thus without merit under state law. Claims based solely on state law are not reviewable in federal habeas corpus. *Brinlee v. Crisp*, **608 F.2d at 843**. Brown has failed to establish his due process rights were violated when he was charged under an applicable state statute.

9. Brown's argument may be construed as a challenge to the sufficiency of the evidence. With respect to a sufficiency of the evidence claim in federal habeas corpus, the determinative question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tapia v. Tansy*, **926 F.2d 1554, 1562 (10th Cir. )** *cert. denied* **502 U.S. 835 (1991)(quoting** *Jackson v. Virginia*, **443 U.S. 307, 319 (1979) (emphasis in original)**). A review of the record in this case verifies this requirement has been satisfied. Viewing the record in a light most favorable to the state, any rational trier of fact would have found Brown's escape from Camp Sierra Blanca was an escape from the penitentiary within the meaning of **N.M.Stat.Ann. § 30-22-9.** Brown's claim that his due process rights were violated when he was charged and found guilty under **N.M.Stat.Ann. § 30-22-9** is completely devoid of merit.

**III.     Whether petitioner's due process rights were violated because his sentence as unauthorized by state law, when the court added a four year habitual sentence to his wholly suspended sentence and two years parole to the habitual sentence.**

10.     Once again, claims based solely on state law are not reviewable in federal habeas corpus. *Brinlee v. Crisp*, **608 F.2d at 843**. In general, the issue of whether a state court has complied with a state statute regarding sentencing as an habitual offender is not cognizable in federal habeas corpus. *Camillo v Armontrout*, **938 F.2d 879, 880 n.3 (8th Cir. 1991)**. Thus, Brown's argument that his due process rights were violated because his sentence was unauthorized by state law is not meritorious.

**IV.     Whether petitioner's guilty plea was rendered invalid due to ineffective assistance of counsel when defense counsel failed to: raise the double jeopardy bar to prosecution; pursue a defense to the escape charge; move to suppress petitioner's post-arrest statement; present the contention that petitioner was charged under the wrong statute; or challenge the habitual offender and parole sentences.**

11.     In order to establish ineffective assistance of counsel, Brown must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *United States v. Chavez-Marquez*, **66 F.3d 259, 262 (10th Cir. 1995) (citing** *Strickland v. Washington*, **466 U.S. 668 (1984))**.

12.     Effective assistance of counsel does not equate to "victorious or flawless assistance." *Dever v. Kansas State Penitentiary*, **36 F.3d 1531, 1537 (10th Cir. 1994)**. With respect to the performance element, review of counsel's performance is highly deferential. *Id.* With respect to the prejudice element, a reasonable probability that the result would have been different equates to a sufficient probability to undermine confidence in the outcome. *Id.*  Since Brown has the burden of establishing both prongs of *Strickland*, this Court may dispose of his claims of ineffective assistance

of counsel on lack of prejudice alone. *Hatch v. Oklahoma*, **58 F.3d 1447, 1457 (10th Cir. 1995)** *cert. denied* **116 S.Ct. 1881 (1996);** *Thomas v. Kerby*, **44 F.3d 884, 887 (10th Cir. 1995)**. Therefore, Brown must demonstrate his attorney did not provide reasonably effective assistance and there is a reasonable probability that, but for counsel's errors, the result would have been different. *Laycock v. State of New Mexico,* **880 F.2d 1184, 1187 (10th Cir. 1989)**.

13. Brown contends his attorney, Scot Key, was ineffective because he failed to raise the double jeopardy issue; failed to pursue an intoxication defense; failed to move to suppress his post-arrest statement; failed to argue he was charged under the wrong statute; and failed to object to his illegal sentence. This Court has already determined the double jeopardy claim, the wrong statute claim, and the illegal sentence claims lack merit. Failure to raise a meritless argument is not ineffective assistance of counsel. *Martin v. Kaiser,* **907 F.2d 931, 936 (10th Cir. 1990).** In other words, Brown did not suffer any prejudice with respect to these claims. Since Brown did not suffer any prejudice, he is unable to establish ineffective assistance of counsel with respect to these claims.

14. In his Memorandum Brief, Brown argues for the first time that Key was ineffective for failing to pursue an intoxication defense. While in the Answer, Respondent conceded exhaustion with respect to the issues as raised in the petition, in his Response Brief, he contends this issue as argued was not exhausted.

15. The Court agrees the issue as argued is materially different from the issue as presented to New Mexico courts. *Jones v. Hess*, **681 F.2d 688, 694 (10th Cir. 1982)**. Ordinarily, under such circumstances, this Court would recommend dismissal without prejudice pursuant to *Rose v. Lundy*, **455 U.S. 509 (1982)** in order to allow Brown the opportunity to attempt exhaustion. However, in his Reply Brief, Brown states he will abandon this claim if the Court finds it has not been exhausted.

6

16.     However, the Court finds the exhaustion issue need not be resolved in this particular case. If an unexhausted issue fails to raise even a colorable federal claim and the interests of justice would be better served by addressing the merits of the habeas petition, then it is appropriate for a federal court to address the merits of the issue. ***Miranda v. Cooper*, 967 F.2d 392, 400 (10th Cir.) *cert. denied* 506 U.S. 924 (1992)(citing *Granberry v. Greer*, 481 U.S. 129 (1987))**. For the reasons that follow, the Court has determined Brown's contentions with respect to ineffective assistance of counsel based on failure to raise an intoxication defense fail to raise even a colorable federal claim and the interests of justice are better served by consideration of the merits.

17.     Brown contends Key was ineffective because he did not advise him to raise an intoxication defense. This decision was a matter of strategy. Strategic decisions of counsel are not lightly second-guessed. ***United States v. Limehouse*, 950 F.2d 501, 504 (7th Cir.) *cert. denied* 504 U.S. 918 (1992)**. In fact, strategic choices, at which counsel arrives after thorough investigation of relevant law and facts, are "virtually unchallengeable." ***Strickland v. Washington*, 466 U.S. at 690**. Key's decision on the intoxication issue was a matter of sound strategy and did not constitute ineffective assistance of counsel.

18.     In addition, Brown has failed to demonstrate prejudice with respect to this issue. The statute under which Brown was charged does not contain an element of specific intent. **N.M.Stat.Ann. § 30-22-9**. Thus, intoxication was not a defense. Failure to raise a meritless argument is not ineffective assistance of counsel. ***Martin v. Kaiser,* 907 F.2d at 936.** In sum, Key attorney was not ineffective for raising intoxication as a defense.

19.     Brown also claims Key was ineffective for failing to move to suppress his post-arrest statement to prison officials in the administrative proceeding. The Court observes Brown signed a

written waiver of his *Miranda* rights. Moreover, Key's decision with respect to suppression of Brown's statement was a strategic matter. As noted above, strategic decisions of counsel are not lightly second-guessed. ***United States v. Limehouse*, 950 F.2d at 504**. Key's decision on the suppression issue was a matter of sound strategy and did not constitute ineffective assistance of counsel.

20.     Brown argues he is entitled to an evidentiary hearing with respect to his claims of ineffective assistance of counsel. In order to obtain an evidentiary hearing under the standard applicable to this case, a petitioner must allege facts which, if proven, would entitle him to relief. ***Church v. Sullivan*, 942 F.2d 1501, 1510 (10th Cir. 1991) (citing *Townsend v. Sain*, 372 U.S. 293, 312 (1963))**. Brown has failed to allege such facts. An evidentiary hearing is therefore not required. Furthermore, the Court finds, in its discretion, a federal evidentiary hearing is not appropriate. Therefore, the motion for an evidentiary hearing should be denied.

### RECOMMENDED DISPOSITION

The Petition for a Writ of Habeas Corpus should be denied.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**